**Steven TRUJILLO, Plaintiff–Appellant,**

v.

**CITY OF ONTARIO et al.,
Defendant–Appellees.**

No. 06–56531.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed March 10, 2008.

Michael A. McGill, Esq., Lackie & Dammeier LLP, Upland, CA, for Plaintiff–Appellant.

Bruce E. Disenhouse, Esq., Kinkle Rodiger & Spriggs, Riverside, CA, for Defendant–Appellees.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON,* District Judge.

* The Honorable Ronald B. Leighton, United States District Judge for the Western District

MEMORANDUM **

Steven Trujillo appeals the district court's dismissal of his retaliation claim, made pursuant to 42 U.S.C. § 1983. The district court concluded that because Trujillo was successful in a prior lawsuit on his claim for failure to promote on the basis of retaliation ("*Trujillo I* "), he would potentially receive double recovery if he were successful in the present case ("*Trujillo II* "). The district court held that Trujillo, in essence, already received compensation for his injuries in the jury's verdict in *Trujillo I*. Therefore, the district court dismissed *Trujillo II* as barred by the doctrine of res judicata.

Legal questions predominate in a district court's dismissal for failure to state a claim based on res judicata. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 (9th Cir.2005). Accordingly, we review the district court's order de novo. *Id.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

The doctrine of res judicata provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. *See In re Imperial Corp. of America*, 92 F.3d 1503, 1506 (9th Cir.1996). "[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Res judicata bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir.1993). In our circuit, res judicata does not apply to claims based on

events occurring after the initial lawsuit. *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d 731, 739 (9th Cir.1984).

As a matter of law, we have ruled that parties who agree to split claims may waive res judicata effect. *See, e.g., Dodd v. Hood River County*, 59 F.3d 852, 862 (9th Cir.1995). We have adopted the Restatement (Second) of Judgments in which parties can waive res judicata by consenting to claim splitting. § 26(1)(a), comment a. (1982); *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir.1995). The Restatement reads, in relevant part:

> A main purpose of the general rule [of res judicata] is to protect the defendant from being harassed by repetitive actions based on the same claim. The rule is thus not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim.

*Id.* We have applied this rule when considering the res judicata effect in the context of claim splitting. *See Dodd*, 59 F.3d at 862 (noting that when the parties failed to object in a situation where they were defending two simultaneous actions, express or tacit agreement to split the claims is "clear justification for splitting a claim"); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735 (9th Cir.1988) (holding that claim splitting was appropriate because the defendant never objected to claim splitting until after the first trial).

In this case, the City's counsel requested to split the claims in an email sent to Trujillo's lawyer before the trial in *Trujillo I*. Trujillo's attorney agreed with this request. The parties proceeded with the *Trujillo I* trial without referencing any

---

of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

facts and issues related to *Trujillo II*. Because the parties chose not to litigate the later claim in *Trujillo I*, we will not preclude litigation of that claim in *Trujillo II*.

Furthermore, there is nothing in the trial record to suggest that facts and issues in *Trujillo II* were mentioned in *Trujillo I*, let alone related. *Trujillo I* involved two retaliation claims in May 2003 and January 2004 for speaking out against illegally obtained pager text messages; *Trujillo II* involved a retaliation claim in June 2004 for speaking out against an illegally installed surveillance camera in the men's locker room at the police station.

With respect to damages, Trujillo should only be permitted to recover noneconomic and punitive damages in *Trujillo II*. He should not be able to recover economic damages because he was fully compensated for past and future economic loss in *Trujillo I*. By contrast, Trujillo was not compensated for non-economic and punitive damages arising from his deferred failure to promote claim because the parties agreed not to litigate those facts and issues in *Trujillo I*.

**REVERSED AND REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.